<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

COLIN AKPARANTA

No. 24cr780 (EP)

**MEMORANDUM ORDER**

**PADIN**, **District Judge.**

Defendant Colin Akparanta moves for early termination of supervised release. D.E. 5 ("Motion" or "Mot.").[1] The Government opposes Defendant's Motion. D.E. 8 ("Opp'n"). Defendant did not reply. For the reasons below, the Court will **DENY** the Motion.

**I.   BACKGROUND**

Akparanta was employed by the United States Bureau of Prisons at the New York Metropolitan Correctional Center. D.E. 2-1 at 1. Akparanta worked as a Correctional Officer in the female inmate housing unit and while there, used his position to engage in sexual acts with at least four female inmates (the "Victims") who were under his custodial, supervisory, and disciplinary authority. *Id.* In exchange for the Victims' continued sexual performance with him, Akparanta smuggled in contraband for the Victims. *Id.* at 1–2.

Judge Schofield, U.S. District Judge for the Southern District of New York, sentenced Akparanta to twenty-four months imprisonment for abusive sexual contact under 18 U.S.C. § 2244(a)(4) and forty months imprisonment for deprivation of rights under color of law under 18 U.S.C. § 242. D.E. 2-2 at 2. The terms for these sentences ran concurrently, and upon release

---

[1] Akparanta represents that Probation "supports" his Motion. Mot. at 7. Although Probation has not indicated that it is opposed to early termination of Akparanta's supervised release, the Court notes the Government's objection that Probation does not, in fact, "affirmatively support" early termination. Opp'n at 2.

from prison, Akparanta's sentence provided for an additional two years of supervised release. *See id.* at 2–3.

Akparanta served thirty-four months out of his forty-month sentence and began his supervised release on February 22, 2024. D.E. 4 at 2; *see also* D.E. 2 at 1. As part of Akparanta's supervised release, Akparanta checks in remotely with his probation officer once a month. Opp'n at 2. In September 2024, Akparanta sought permission from Judge Schofield to visit Nigeria for approximately four to six weeks, but Judge Schofield denied his request. *See United States v. Akparanta*, 19-cr-363, D.E. 67 (S.D.N.Y. Sept. 20, 2024). Akparanta has not requested permission to travel since.

Because of Akparanta's longstanding residence and social ties to New Jersey, however, his case was transferred from the jurisdiction of the Southern District of New York to the jurisdiction of the District of New Jersey on November 27, 2024. D.E. 3-1. While under supervised release, Akparanta has satisfied his financial obligations and has complied with the terms of his supervised release. Mot. at 2–3. Although Akparanta is not employed, he assists his wife's aesthetician practice and cares for his children and grandchildren. *Id.* Akparanta also receives disability benefits. *Id.* His sentence is scheduled to be completed on February 21, 2026. D.E. 3-1.

## II.    LEGAL STANDARD

A court may terminate a term of supervised release prior to its expiration under 18 U.S.C. § 3583(e). *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The statute permits early termination "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether it should grant early termination of supervised release, a court must consider the following factors:

2

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentence range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(a).

District courts enjoy "discretion to consider a wide range of circumstances when determining whether to grant early termination" and need not make "specific findings of fact with respect to each of these factors; rather, a statement that the district court has considered the statutory factors is sufficient." *Melvin*, 978 F.3d at 52–53 (cleaned up). Although "new and unforeseen circumstances" are not a prerequisite for early termination of supervised release, district courts should nevertheless consider that the sentence for which a defendant seeks early termination was deemed "sufficient, but not greater than necessary" when originally issued. *Id.* (first quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018); then quoting 18 U.S.C. § 3553(a)). As a result, the Third Circuit has cautioned that as a general matter, early termination of supervised release is proper only when new or unforeseen circumstances exist. *Id.*

### III. ANALYSIS

After careful review of the § 3583(a) factors, the Court concludes that Akparanta has not shown that early termination of supervised release is appropriate under the circumstances.

While early termination of supervised release is presumed appropriate after eighteen months of supervised release, that presumption does not apply to Akparanta because his underlying offense is a sex crime, D.E. 2-2 (requiring compliance with the Sex Offender Registration and Notification Act (34 U.S.C. § 20901)), and because eighteen months of supervised release have not yet passed, D.E. 2 at 1. GUIDE TO JUDICIARY POLICY, Vol. 8, Ch. 3 § 360.20(c)(1). Akparanta

3

cites various district court cases as examples permitting the early termination of supervised release in sex offense cases but none of those cases applied *Melvin*, which generally expects identification of new or unforeseen circumstances before early termination of a defendant's sentence. 978 F.3d at 53. Here, Akparanta has not identified any new or unforeseen circumstances that warrant early termination of supervised release, nor does he identify any issue regarding his sentence that justifies the inference that it is now "greater than necessary." *Id.* (quoting *Davies*, 746 F. App'x 86).

Instead, Akparanta makes other non-persuasive arguments. *First*, Akparanta relies on his ongoing compliance with the terms of his supervised release. Mot. at 1. While the Court commends Akparanta's good behavior, his compliance with the terms of his sentence is not only expected but required. Courts in this district regularly find that good behavior does not warrant early termination of supervised release. *See, e.g.*, *United States v. Stiso*, No. 14-0484, 2021 WL 1291648, at *2 (D.N.J. Apr. 6. 2021) ("[M]ere compliance with the terms of . . . supervised release is what is expected . . ., and without more, is insufficient to justify early termination." (quoting *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)); *United States v. DePaula*, No. 16-0474, 2025 WL 1296234, at *2 (D.N.J. May 5, 2025) ("[C]ompliance with the conditions of supervision, including from refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." (quoting *United States v. Welling*, No. 20-167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021)).

*Second*, Akparanta cites Judge Schofield's denial of his request for travel to Nigeria to visit elderly extended family as justification for early termination of supervised release. Mot. at 2 (citing D.E. 67). However, Akparanta does not identify any exigent reasons for his visit, such as a family member who is particularly sick or in need of care. Nor has Akparanta requested to visit

Nigeria for a period shorter than four to six weeks. Under these circumstances, Akparanta's desire to visit family abroad does not warrant early termination of his supervised release. *See DePaula*, 2025 WL 1296234, at *2 (collecting cases finding that the health problems of close family did not warrant early termination of a defendant's supervised release).

*Third*, Akparanta states that he has suffered career setbacks because of his supervised release. Mot. at 3. But Akparanta does not identify any particular job he has not been able to obtain, nor does he explain how his remote once-a-month check-ins have imposed a unique burden that justifies early termination of his supervised release. *United States v. Puglisi*, No. 20-0861, 2023 WL 8016054, at *3 (D.N.J. Nov. 20, 2023) (denying early termination of supervised release in part because the defendant had "not pointed to any specific jobs that he has been unable to apply for or obtain due to his status on supervised release"). Moreover, Akparanta continues to assist his wife's aesthetician practice. Mot. at 2. On this record, Akparanta has not shown that his monthly check-ins are so onerous that early termination is warranted.

Finally, Akparanta argues that because his underlying crime was one of opportunity, he is unlikely to commit a similar offense, and he should therefore have his sentence terminated early. Mot. at 3, 7. But Judge Schofield already addressed the opportunistic nature of Akparanta's crime during sentencing. *Akparanta*, No. 19-363, D.E. 61 at 33 ("I presume you won't be in a position again where you even could do that."). She nevertheless determined that general deterrence demanded an appropriate sentence for Akparanta that would "sen[d] a message to other people who are, for example, corrections officers or other people in positions of official authority, and discourag[e] them from using their position to do what [Akparanta] ha[d] done." *Id.* at 34. Akparanta's crime was a serious one. *Id.* (describing Akparanta's crime as "a heinous crime over a number of years, an abuse of power, an abuse of human beings, multiple victims"). This Court

5

agrees that general deterrence  The Court therefore declines to disturb Judge Schofield's judgment that Akparanta's sentence is not greater than necessary.

In sum, Akparanta has not met his burden to establish that his conduct and the interest of justice warrant early termination of his supervised release.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, the Court will **DENY** Akparanta's Motion for early termination of supervised release *without prejudice*.  Accordingly,

**IT IS** on this 7th day of October 2025,

**ORDERED** that Defendant Colin Akparanta's Motion, D.E. 5, is **DENIED** *without prejudice*.

                                                                                                     _____
                                                                                                     Evelyn Padin, U.S.D.J.